## O'BRIEN v. GILL et al.

(Supreme Court, Appellate Division, Second Department. February 5, 1915.)

1. QUIETING TITLE (§ 52*)—JUDGMENT—CONFORMITY TO PLEADINGS.

That the complaint in a statutory action under Code Civ. Proc. §§ 1638–1650, for the determination of claims to real property, contains allegations not necessary to such an action, and prays for relief in part inappropriate, does not prevent the court from awarding a judgment determining such claims, if the facts warrant it.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 99, 102, 103; Dec. Dig. § 52.*]

2. QUIETING TITLE (§ 23*)—POSSESSION OF PLAINTIFF—ADVERSE POSSESSION—NECESSITY.

Under Code Civ. Proc. § 1638, providing that where a person has been for one year in possession of real property, claiming it in fee, for life, or for a term of years not less than 10, he may maintain an action against any other person to compel the determination of any claim adverse to that of plaintiff which the defendant makes, such action could not be maintained where plaintiff was in possession as a tenant under defendants, as, the action being statutory, all the conditions prescribed in the statute must be fulfilled, and plaintiff must have possession under a claim or color of title hostile to that of defendants.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 55, 56; Dec. Dig. § 23.*]

3. TRUSTS (§ 81*)—RESULTING TRUSTS—PAYMENT OF CONSIDERATION FOR CONVEYANCE TO ANOTHER.

Under 1 Rev. St. (1st Ed.) pt. 2, c. 1, tit. 2, § 51, providing that where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no trust shall result in favor of the person by whom such payment shall be made, but that the title shall vest in the person named as the alienee in such conveyance, and section 53, providing that the provisions of section 51 shall not extend to cases where the alienee named in the conveyance shall have taken it as an absolute conveyance in his own name without the consent or knowledge of the person paying the consideration, where the purchasers of land were illiterate, and when they went to the office of the vendor's attorney for the purpose of procuring a deed were accompanied by their daughter, and for some reason her name was inserted as grantee without their knowledge or consent, a trust resulted in their favor.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 115–118; Dec. Dig. § 81.*]

4. APPEAL AND ERROR (§ 1175*)—REVERSAL—NECESSITY OF NEW TRIAL.

In an action for the determination of claims to real property, though the undisputed evidence showed that while the legal title was in plaintiff a trust had resulted in favor of defendants, judgment for defendants would not be directed, where it was possible that plaintiff was induced by the remarks of the trial justice to refrain from offering evidence to contradict that for defendants, especially where the facts upon which a judgment for defendant must be founded were not expressly designated as a counterclaim, and it was doubtful whether the counterclaim existed in favor of all of the defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from Special Term, Kings County.

Action by Catharine O'Brien against Ann Gill and others. From a judgment in favor of plaintiff, certain defendants appeal. Reversed, and new trial granted.

---

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

Eli J. Blair, of New York City, for appellants.

Cyrus V. Washburn, of New York City (John E. Ruston and Robert H. Koehler, both of New York City, on the brief), for respondent.

BURR, J. Plaintiff brings this action against Ann Gill and Daniel Gill, her parents, and Daniel Gill, Jr., her brother. The complaint alleges a conveyance to her in the latter part of the year 1890, by Mary A. Timony and Thomas K. Timony, of certain lands on the north side of Carroll street in the borough of Brooklyn; that in November, 1900, a deed was recorded in the Kings county register's office, purporting to have been executed by her, which conveyed said property to Ann Gill and Daniel Gill, and which deed was a forgery; that in March, 1913, Ann Gill and Daniel Gill, by a deed then executed, but not recorded, purported to convey said premises to Daniel Gill, Jr.; that the latter deed was without consideration; that plaintiff is in possession of said premises; and that such possession as defendants have is subject to plaintiff's superior right. The prayer for relief is that the alleged forged deed be canceled of record, that the deed to Daniel Gill, Jr., be declared null and void and canceled, and that—

"the said defendants Ann Gill, Daniel Gill, her husband, and Daniel Gill, Jr., may be forever enjoined and restrained from asserting and claiming any right, title, lien, or easement in said premises or any part thereof by virtue or reason of the aforesaid deeds or any or either of them, *that the plaintiff may be adjudged to be in lawful possession of said premises and be put in full possession thereof,* and that the plaintiff may recover her costs."

Upon the trial of the action, plaintiff proved the execution of the deed to her by the former owners of the land, and defendants admitted that she was in possession, as a tenant, of a portion of a three-family house which had been erected thereon. Plaintiff then rested. It subsequently appeared from defendants' evidence, which was uncontradicted, that plaintiff's possession was that of a tenant under defendants Ann Gill and Daniel Gill; that as such tenant she occupied the top floor of the building under an agreement to pay rent to them therefor; and that she had paid such rent in part. After trial of the issues, the learned court at Special Term made findings and gave judgment to the effect that plaintiff was the owner of and is seised in fee simple of said premises, that the defendants have no rights or interest therein, that the deeds referred to be canceled and annulled, and that said defendants be forever enjoined and restrained from asserting any right, title, lien, or easement in or to said premises, or any part thereof, by virtue or reason of the aforesaid deeds or any or either of them, that the plaintiff is in lawful possession of said premises, and is entitled to the possession of said premises as against all of the defendants herein.

[1, 2] At the threshold of the case, we are called upon to determine the nature of the action. The learned counsel for the respondent contends that it is brought simply to annul and cancel the forged deed and the deed subsequently delivered by the grantees mentioned there-

in. If so, both the prayer for relief and the judgment awarded are in excess of that which would be justified. The learned counsel for the appellants contends that the action is the statutory action to compel the determination of claims to real property. Code of Civil Procedure, §§ 1638–1650. When we consider the form of the pleading, the nature of the evidence, and the scope and extent of the judgment, it seems to us that this is necessarily so. The fact that the complaint contained other allegations not necessary to such an action, and that the prayer for relief is, in part, inappropriate, would not prevent the court from awarding such a judgment if the facts warranted it. Doscher v. Wyckoff, 132 App. Div. 139, 116 N. Y. Supp. 389; Norton v. Valentine, 151 App. Div. 392, 135 N. Y. Supp. 1084. So considered, this action cannot be maintained. Being statutory, all the conditions prescribed in the statute must be fulfilled. Vanderveer Crossings v. Rapalje, 133 App. Div. 203, 117 N. Y. Supp. 485; Lewis v. Howe, 174 N. Y. 340, 66 N. E. 975, 1101; Ludlow v. Rector, etc., St. Johns Church, 207 N. Y. 689; 100 N. E. 892. To maintain such an action, plaintiff must have possession of the land in dispute under claim or color of title hostile to that of defendants. Bohn v. Hatch, 133 N. Y. 64, 30 N. E. 659; Vanderveer Crossings v. Rapalje, supra. The admission of defendants was that plaintiff was in possession of part of the premises *as tenant.* Plaintiff chose to rest upon this admission, without further proof. If this was not fatal to her contention, since it was contrary to her allegation that she was the owner of the fee (Code Civ. Proc. § 1638), the subsequent proof established that her tenancy, being under that of the defendants Ann Gill and Daniel Gill, was therefore their possession under the statute. King v. Townshend, 78 Hun, 380, 386, 29 N. Y. Supp. 181.

[**3**] Upon the close of the case, judgment should have been directed for defendants dismissing plaintiff's complaint. If this were all that was involved in this action, we might so dispose of it. But, in an answer in which all three defendants united, an affirmative defense was pleaded, and relief demanded that the defendants be adjudged the lawful owners of said premises, and that plaintiff convey to the defendants Ann Gill and Daniel Gill "all her right, title, and interest, lien, or easement in said premises." In support of this answer, evidence was introduced which was wholly uncontradicted, and upon which it was the duty of the court to find the following facts: The land described in the complaint was purchased in 1890 from Mary A. Timony and Thomas K. Timony by defendants Ann Gill and Daniel Gill, with their own funds. At that time plaintiff was unmarried, and was employed as a domestic servant. Ann Gill and Daniel Gill were illiterate. Neither could read or write. The contract price was paid in installments, and, when the purchasers were ready to take the deed, plaintiff accompanied her father to the office of the attorney for the vendors, and, for some reason not apparent from the evidence, the name of the plaintiff was inserted in the deed as grantee, instead of the name of the true purchasers, Ann Gill and Daniel Gill. The evidence is uncontradicted that this was without the knowledge or consent of either of them, and it was not until many years afterward that this was discovered by them.

After the delivery of this deed, the defendant Daniel Gill, with the assistance of his son, started to erect a building upon the land, and after the foundation had been built entered into a contract for the completion of a house thereon, which was subsequently completed and paid for out of moneys furnished by Ann Gill and Daniel Gill. In connection with the erection of said building, mortgages were obtained upon the property from a building loan association, of which Daniel Gill and one or more of his sons were members. It is doubtless true that plaintiff must have been asked to execute these mortgages and did so; but it clearly appears that neither of said defendants knew why this was necessary, or that it was because the record title was in her name. The interest on the mortgages, and finally the principal, was paid by said defendants. They also paid the taxes and the cost of repairs. Ann Gill and Daniel Gill occupied a portion of the said premises, and rented the remainder, collecting the rents. After plaintiff was married, she moved into the top floor of the house, agreeing to pay said defendants seven dollars a month as rent. While she did not always pay the rent in full, she did make payments on account thereof until about three or four months prior to the commencement of this action. When it became known to defendants Ann Gill and Daniel Gill that the deed had been taken in plaintiff's name, they sought to correct this error in a most summary manner. Defendant Ann Gill went with another daughter to a lawyer's office. A deed was prepared in which Catharine Gill was named as grantor, which purported to convey the property to Ann Gill and Daniel Gill, and this was executed by the daughter then present and placed on record. Subsequently Ann Gill and Daniel Gill executed a deed of said property to their son, Daniel Gill, Jr., which deed was without consideration and was never recorded.

The want of morality in these transactions need not be commented upon, but it may be that it was due rather to ignorance upon the part of said defendants than through any purpose to disregard either the moral or criminal law. Each of said deeds was invalid, and was properly so adjudged. But, upon the facts remaining, a resulting trust in favor of Ann Gill and Daniel Gill arose, which a court of equity will enforce. At common law, if a conveyance was made to one person when the consideration was paid by another, a trust in equity resulted in favor of him who paid the money. 4 Kent's Comm. (4th Ed.) star paging 305. The evils resulting from the existence of these secret trusts led to the adoption of a statute respecting the same. By the statute in force when the conveyance to plaintiff was made, it was provided that:

"Where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another; no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section." 1 Rev. Statutes, 728, § 51.

Section 52 permits a resulting trust in favor of creditors of persons paying the consideration. But the succeeding section (section 53) contains these words:

"The provisions of the preceding fifty-first section shall not extend to cases, where the alienee named in the conveyance, shall have taken the same

as an *absolute* conveyance, in his own name, *without the consent or knowledge of the person paying the consideration.*"

Our present Real Property Law (Consolidated Laws, chapter 50 [Laws of 1909, chapter 52]) § 94, contains a similar provision, in these words:

"A grant of real property for a valuable consideration, to one person, the consideration being paid by another, is presumed fraudulent as against the creditors, at that time, of the person paying the consideration, and, unless a fraudulent intent is disproved, a trust results in favor of such creditors, to an extent necessary to satisfy their just demands; but the title vests in the grantee, and no use or trust results from the payment to the person paying the consideration, or in his favor, unless the grantee either: 1. Takes the same as an absolute conveyance, in his own name, without the consent or knowledge of the person paying the consideration; or, 2. In violation of some trust, purchases the property so conveyed with money or property belonging to another."

[4] While the evidence in this case would fully justify findings and a judgment to enforce such resulting trust, upon the ground that Ann Gill and Daniel Gill never knew that the conveyance to plaintiff was an absolute one, nor consented thereto, there are considerations sufficiently powerful to restrain us from directing such judgment at this time: First, the facts upon which such relief must be founded are not expressly designated in the answer as a counterclaim. It may be that when these facts are considered in connection with the demand in the answer for affirmative relief against plaintiff, and when, as in this case, a reply has been interposed, although, strictly speaking, such reply may not have been necessary, we might disregard this formal defect in pleading. Bates v. Rosekrans, 37 N. Y. 409, 412; Acer v. Hotchkiss, 97 N. Y. 396, 408; Cable Flax Mills v. Early, 72 App. Div. 213, 76 N. Y. Supp. 191; Nelson Co. v. Silver, 160 App. Div. 445, 145 N. Y. Supp. 124. Second, all of the defendants, including Daniel Gill, Jr., united in the answer. Unless the attempted conveyance of the land to him by his codefendants might be deemed, in equity, an assignment of their cause of action to enforce this resulting trust, the counterclaim, treating it as such, was not a cause of action existing in his favor against plaintiff (Code of Civil Procedure, § 501), but belonged exclusively to his codefendants. Finally, it may be that plaintiff was induced by the remarks of the learned justice at Special Term to refrain from offering evidence as to the person who actually paid for the land, and as to the knowledge or consent, or otherwise, of Ann Gill and Daniel Gill that the conveyance should be made to her, and should be an absolute one.

We think, therefore, that the judgment appealed from should be reversed, and a new trial granted; costs to abide the final award of costs. If necessary, the defendants can apply at Special Term for leave to interpose separate answers, containing appropriate allegations as to counterclaim. All concur.