■ SONJA WAGNER et al., Respondents, v CHIEL KURZ et al., Doing Business as 37 WEST REALTY COMPANY, Appellants. — Order of the Supreme Court, New

York County (B. Altman, J.), entered September 13, 1982, modified, on the law, the facts and in the exercise of discretion, to require the attorneys for the plaintiffs to turn over to the County Clerk of New York County all rents hitherto collected and held in escrow by them and requiring plaintiffs to turn over all additional rents now due to said clerk, all within 30 days after entry of the order herein and requiring plaintiffs to pay all rents hereafter to become due to said clerk within 15 days after the due date thereof. In the event that plaintiffs and their attorneys fail to comply with the order to be entered herein, the order of the Supreme Court, New York County, entered September 13, 1982 is reversed and the motion to punish for contempt granted, all without costs. It would be pointless to recount, in detail, the numerous legal proceedings between the plaintiffs tenants and the landlord of the premises now owned by defendants. It is sufficient for our purposes to note that these residential tenants of loft premises have not paid rent to the prior and current owners of the building for approximately three and one-half years. The struggle centers over the alleged failure of the landlords to furnish the normal amenities attendant upon residential living. The landlords' contention is that the premises were never intended for residential purposes and, that by refusing to pay rent, the tenants have deprived them of the necessary wherewithal to furnish the required services and to make the necessary repairs. This action, begun in November, 1981, seeks judgment directing the landlords to provide essential services; to make necessary repairs; to permit plaintiffs to provide such services and to make such repairs in the event of the failure of defendants to do so; and for punitive damages. At or about the same time plaintiffs moved, at Special Term, for certain relief. By decision dated December 1, 1981 embodied in an order entered the same date, Special Term granted plaintiffs' motion. It also directed that plaintiffs deposit "their arrears * * * and current rents as they fall due" in escrow with their then attorney. Prior thereto a similar escrow provision had been embodied in the Civil Court litigation between the parties. That escrow provision was thereafter vacated allegedly because of the failure of defendants to comply with the order of that court to make repairs and render services. Subsequent to the order of Special Term plaintiffs changed their attorneys. Upon the argument of this appeal we were informed that some of the escrowed funds had been turned over to them. In any event, what is currently before us is an appeal which involves a motion by defendants for final judgment for the amounts due and owing by reason of plaintiffs' alleged failure to comply with the escrow order of Special Term or, in the alternative, to punish plaintiffs for contempt for failure to comply with the order. Special Term referred that matter to a referee and defendants appeal from that order. This action has been pending for approximately 15 months. Except for the voluminous motion practice, none of which is contributing to the ultimate solution of the problem, nothing has been done to bring the matter to a head. This case could have been tried and the matters in issue disposed of long ago. We think that a speedy trial is the basic solution. To insure that a fund is available to provide for payment of necessary repairs and to provide for the furnishing of the required services and to pay the landlord such rent as he may be entitled to, we are directing that all past-due and current rents, whether held in escrow or still unpaid, and all rents hereafter to become due, be paid over to the County Clerk of New York County, to be credited to the action which, apparently, is still pending in that court, to be held by him subject to the order, in this action, of the Supreme Court. Concur — Murphy, P. J., Ross, Bloom, Milonas and Alexander, JJ.