■ JOSEPH CONFORTI, Respondent, v INDU GORADIA et al., Appellants. JOSEPH CONFORTI, Appellant, v INDU GORADIA et al., Respondents. [651 NYS2d 506] —Order and judgment (one paper), Supreme Court, New York County (Beverly Cohen, J.), entered May 31, 1995, which, *inter alia,* granted plaintiff summary judgment on the first cause of action alleged in plaintiff's complaint, to the extent of declaring: (1) that plaintiff is a rent stabilized tenant of the leased premises; (2) that plaintiff is entitled to a renewal lease; and (3) that the penthouse apartment includes a terrace, defined by a wood deck, the legality of which the court did not determine, unanimously affirmed, with costs. Order of the same court (Lorraine Miller, J.), entered November 14, 1995, as modified by the order of the same court and Justice, entered December 15, 1995, *inter alia,* transferring the matter to Civil Court for immediate trial and directing plaintiff to deposit rent in the amount of $11,709.90 into Civil Court, unanimously affirmed, with costs. Order of the same court and Justice, entered February 15, 1996, imposing sanctions of $1,500 each on plaintiff and his attorney for failure to deposit said $11,709.90 into the Civil Court, as directed, unanimously reversed, on the law, without costs, and the order vacated. Appeal from the order of the same court and Justice, entered December 15, 1995, denying plaintiff's motion to reargue, is unanimously dismissed, without costs, as taken from a nonappealable order. We direct that plaintiff pay into Civil Court the amount of $11,709.90 plus any subsequent rent accruals within 30 days after the date of entry hereof.

The essence of defendants' objection to the grant of summary judgment is the declaration that the leased premises include a roof terrace, the boundaries of which are delineated by a wooden roof deck. Defendants contend that summary judgment was improper in the absence of any documentary evidence that the terrace is included in the leased space. However, the record contains plaintiff's affidavit, which states that he has been a tenant of the penthouse apartment since 1974 and that it "consists of a studio apartment with a separate kitchen and a large terrace, all situated on the roof of 49 Park Avenue." It continues, "The boundary of the terrace was always defined as the area of the roof covered by a wooden deck, which was in existence prior to my moving in."

Contrary to defendant's contention, plaintiff's affidavit constitutes evidence of the facts recited (*Tungsupong v Bronx-*

*Lebanon Hosp. Ctr.*, 213 AD2d 236, 237 [the statement of a witness constitutes competent evidence], citing *Harris v City of New York*, 147 AD2d 186, 189). The absence of a building permit is not conclusive of the lack of permission to erect the wooden deck. To the contrary, the existence of the structure for so long a period of time gives rise to a presumption that prior owners of the building acquiesced in its use by the tenant as part of the leasehold. Defendants have come forward with no proof to contravene plaintiff's sworn affidavit, and Supreme Court was warranted in reaching the logical conclusion that, upon the record before it, the roof deck constitutes part of the leased premises. We note, however, that the court avoided passing on the legality of the structure, which remains to be resolved.

As for plaintiff's appeal, he has failed to demonstrate that Supreme Court's direction to pay accrued rent into court is an abuse of discretion. Having asked the court to declare "the rights and other legal relations of the parties" (CPLR 3001), plaintiff cannot complain that the court exercised its initiative in directing that rent due to defendants be paid into court as special circumstances make it desirable that it should not be paid to them (CPLR 2701 [2]). Moreover, such a direction is within the inherent plenary power of Supreme Court " 'to fashion any remedy necessary for the proper administration of justice' " (*Cane v Herman*, 209 AD2d 368, quoting *People ex rel. Doe v Beaudoin*, 102 AD2d 359, 363; *Wagner v Kurz*, 92 AD2d 775).

Equally devoid of merit is plaintiff's contention that this matter should not have been transferred because Civil Court lacks the power to adjudicate the controversy. Plaintiff's brief fails to identify any item of requested relief that Civil Court is without power to grant. Contrary to the intimation contained in his reply brief, Civil Court is vested with broad authority to enforce housing standards, including issuance of "an injunction, restraining orders or other orders" (CCA 203 [o]). It is certainly empowered to decide the remaining issue of whether the roof deck located on the premises is in compliance with governing law and regulations. Furthermore, we discern no issue that would be incapable of resolution in the Housing Part of Civil Court, which we have consistently stated to be the preferred forum for hearing disputes of this nature (*see, Cox v J. D. Realty Assocs.*, 217 AD2d 179, 181-183).

As to the order citing plaintiff and his counsel for contempt and imposing sanctions, even granting that payment of the accrued rent into an escrow account instead of into court does

not substantially comply with the court's direction, it has not been shown how this conduct impaired the rights of defendants (*Richards v Estate of Kaskel*, 169 AD2d 111, 121-122, *lv denied in part* 78 NY2d 1042). Furthermore, the asserted contemnors have offered a reasonable excuse for variance from the court's order, stating that tender of the deposit was refused by the Clerk of Civil Court because the file had not yet been received. The "extraordinary" power to impose wholly punitive sanctions for civil contempt "should be exercised only very cautiously and where the necessity is clear" (*N. A. Dev. Co. v Jones*, 99 AD2d 238, 242). Concur—Sullivan, J. P., Rosenberger, Rubin and Ross, JJ.