■ EAST 41ST STREET ASSOCIATES, Respondent, v 18 EAST 42ND STREET, L.P., Appellant, et al., Defendant. [669 NYS2d 546] —Or-

der, Supreme Court, New York County (Norman Ryp, J.), entered on or about November 21, 1996, which, upon reargument in this action to determine a claim to real property, granted plaintiff-landlord's motion for summary judgment declaring the net lease canceled, and which denied defendants' respective cross-motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, the cross-motions granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff East 41st Street Associates is the landlord and defendant 18 East 42nd Street, L.P., the tenant under a net lease which expires May 31, 2004. Defendant Diversified Credit, Inc. is the holder of a mortgage secured by the net lease, having succeeded to the interest of the First New York Bank for Business, now insolvent. The net lease provides for annual rent in the amount of $100,000, to be paid in one lump sum. It further provides that "[t]he Tenant shall, during the whole of said term, and *as additional rent* to that hereinbefore reserved, bear, pay and discharge all taxes" (emphasis added). It is undisputed that defendant tenant defaulted in payment of taxes due July 1, 1991 ($45,447.52), January 1, 1992 ($45,447.52) and July 1, 1992 ($45,568.92), and in payment of annual rent due June 1, 1992 ($100,000).

In June 1992, plaintiff served defendant with three notices of default, the last of which notified the tenant that the lease would expire if the tenant's default in payment of taxes was not cured by July 24, 1992. Following defendant's failure to cure the default, as specified, plaintiff notified the undertenant in possession, L&L Wings, Inc., that rent payments due under its sublease with defendant were to be sent directly to the landlord. By letter from its attorney dated August 10, 1992, defendant contested the termination of the net lease, asserting that the landlord's July 27th demand on the undertenant was improper.

Plaintiff landlord instituted this action to compel the determination of a claim to real property pursuant to RPAPL article 15 (RPAPL 1501 *et seq.*). The complaint asserts that defendant's default and failure to cure within the time specified in the lease resulted in its cancellation. The complaint seeks a judgment declaring that plaintiff "is vested with fee simple title in the Property unencumbered by the Net Lease and Leasehold Mortgage." Defendant interposed an answer containing the affirmative defense that the complaint fails to state a cause of action. Both parties then brought the subject motions for summary judgment.

This action is no more than a claim for rent due and, as such, is properly the subject of a summary proceeding in the Landlord-Tenant Part of the Civil Court of the City of New York (CCA 204; RPAPL 711 [2]; *see, Cox v J.D. Realty Assocs.*, 217 AD2d 179, 181-183; *see also, Conforti v Goradia*, 234 AD2d 237). Where the parties stand in the relationship of landlord and tenant, a summary proceeding is the preferred forum to seek recovery of rent. "Civil Court has jurisdiction of landlord tenant disputes (see CCA 204) and when it can decide the dispute, as in this case, it is desirable that it do so" (*Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 28).

There is no merit to defendant's contention that taxes are to be treated as additional rent only if the landlord elects to pay them on the tenant's behalf. Such an interpretation would render superfluous the provision that the tenant pay all taxes "as additional rent", a result that offends a basic tenet of contract construction. "The law is settled that 'such interpretation is not preferred and will be avoided if possible'" (*Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191, 196, quoting *Garza v Marine Transp. Lines*, 861 F2d 23, 27 [2d Cir 1988]; *see also, Penguin 3rd Ave. Food Corp. v Brook-Rock Assocs.*, 174 AD2d 714, 716). The tenant having defaulted in the payment of rent, plaintiff may not treat the omission as a breach of performance "other than the payment of such rent or additional rent" so as to effect termination of the net lease according to its terms.

The parties to this lease do not dispute the validity of the landlord's interest in fee, the only question being whether the tenant's interest in the property pursuant to the net lease has been terminated. Likewise, the mortgage on the net lease held by defendant Diversified Credit, Inc. encumbers only the net lessee's interest in the leasehold, not the landlord's fee, and therefore extends only to the limited property interest conveyed under the lease. Essential to the maintenance of an action to determine a claim to real property is that the complaint state a claim, by the defendant, of "an estate or interest in the real property, *adverse* to that of the plaintiff" (RPAPL 1515 [1] [b]; emphasis added). Where, as here, the parties recognize that the basis of the tenant's claim is an interest pursuant to a lease, no claim adverse to the landlord's interest in the property is asserted, and the complaint fails to state a cause of action (*see, O'Brien v Gill*, 166 App Div 92, 95-96). Concur—Milonas, J. P., Rubin, Tom and Mazzarelli, JJ.