■ RONALD MARCHAND, JR., et al., Appellants, v VILLAGE OF BAYVILLE et al., Respondents. [747 NYS2d 585] ■

The Supreme Court properly dismissed this action for a declaratory judgment based on the plaintiffs' failure to exhaust administrative remedies (*see Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y.,* 62 NY2d 763; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). Following the denial of the plaintiffs' application for a permit to erect two gates across a traveled roadway that runs across their property, the plaintiffs installed two planters, each measuring 12 inches in height, 18 inches in depth, and 8 feet in length, each of which contained seven three-foot-tall shrubs, for the purpose of restricting vehicular traffic on the road. The planters were subsequently forcibly removed by the Village of Bayville. Rather than appealing the denial of their permit application to the Zoning Board of Appeals, seeking a variance, submitting a new application or amending the initial application, the plaintiffs commenced this action, seeking various forms of declaratory and injunctive relief, including a declaration that the defendants, the Village of Bayville, its mayor and building inspector, have no right, ability, or jurisdiction to interfere with their right to restrict or regulate traffic across the road. This is not the proper vehicle by which the plaintiffs may challenge their disagreement with the determination denying their permit application, as a remedy by way of a proceeding pursuant to CPLR article 78 is available (*see Greystone Mgt. Corp. v Conciliation & Appeals Bd. of City of N.Y., supra*). The Supreme Court also properly dismissed the action for failure to join necessary parties (*see* CPLR 1001 [a]).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Krausman, McGinity and Luciano, JJ., concur.