Order, Family Court, New York County (Helen Sturm, J.), entered on or about May 6, 2003, which held petitioner, the Commissioner of the Administration for Children’s Services (ACS), in civil contempt for failing to appear promptly for a scheduled court proceeding and which directed ACS to reimburse respondent Willie S.’s lost wages for that date, unanimously reversed, on the law and the facts, without costs, and the order vacated.
ACS’s failure to have an attorney present at the appointed time for an adjourned hearing was the result of a series of miscommunications involving the originally assigned ACS attorney, the replacement attorney, and their supervisor, and not a willful neglect or violation of duty (see Conforti v Goradia, 234 AD2d 237, 238-239 [1996]). Insofar as the order appealed refers to a pattern of mistakes, the contempt finding was based solely *144 on the failure to timely appear on April 1, 2003, and there is no indication in the record of any adjournments necessitated by delinquency on the part of ACS. Moreover, ACS produced an attorney half an hour after being apprised by the court that the case had been called, and there was no showing that the rights or remedies of any party to the proceeding were impaired (see McCain v Dinkins, 84 NY2d 216, 225-226 [1994]; Clinton Corner H.D.F.C. v Lavergne, 279 AD2d 339, 341 [2001]). Indeed, neither in the proceedings below nor on appeal has the father claimed any prejudice or argued against ACS’s objections to the contempt finding, and the children’s Law Guardian actively supports ACS’s position. Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Gonzalez, JJ.