■ ALEX SIBERSKY et al., Appellants, v PHILIP WINTERS, Respondent. [840 NYS2d 66]—

Order, Supreme Court, New York County (Louis B. York, J.), entered August 26, 2005, which, to the extent appealed from as limited by the brief, denied plaintiffs' cross motion to dismiss

the counterclaims, denied their motion to hold defendant in contempt, and fixed an undertaking in the sum of $25,000, unanimously modified, on the law and the facts, the cross motion granted to the extent of dismissing defendant's counterclaims, the undertaking vacated, and the matter remanded for a contempt hearing, a hearing as to the necessity for, and the amount of any undertaking with respect to the temporary restraining order previously issued in plaintiffs' favor, and a hearing as to the amount of plaintiffs' costs based on defendant's frivolous actions, and otherwise affirmed, with costs and disbursements against defendant.

Plaintiff landlords sought, among other things, the ejectment of defendant tenant from apartment 4A at 185 Lenox Avenue in Manhattan under a two-year lease, ending June 30, 2004, at a monthly rent of $1,600. Plaintiffs allege fraud and various defaults under the lease. Defendant answered, asserting several counterclaims for a declaration that the building is subject to the Rent Stabilization Law and a direction for the issuance of rent-stabilized riders to the leases of all the tenants. Aside from defendant's lack of standing to make the latter request, his counterclaims raise issues best addressed by the Division of Housing and Community Renewal (see Davis v Waterside Hous. Co., 274 AD2d 318 [2000], lv denied 95 NY2d 770 [2000]). Plaintiffs have also brought their own proceeding to determine the building's exemption from rent stabilization.

The matter was the subject of significant motion practice. On or about November 17, 2004, plaintiffs moved pro se for an order fixing the amount of the undertaking required for a previously granted temporary restraining order (left blank in the order), extending the time for filing the undertaking, and holding defendant in contempt of a previous order, entered October 22, 2004, requiring that he deposit his payment of use and occupancy with the court. On or about December 13, defendant, moved, also pro se, to reargue the October 2004 order requiring the deposit of use and occupancy payments.

On December 21, 2004, plaintiffs opposed defendant's motion and cross-moved for various items of relief, including sanctions, contempt, summary judgment, and dismissal of the counterclaims. In the latter papers, it was brought to the attention of the motion court that Justice Harold Tompkins had previously issued an injunction against defendant in an unrelated CPLR article 78 proceeding he had commenced against Housing Judge Bruce Gould.

In a contempt order encompassing that injunction, Justice Tompkins described in detail defendant's history of nonpay-

ment of rent, disregard of court orders, and tendency toward frivolous motion practice and litigation. Justice Tompkins found him to be "a chronic abuser of the judicial system" (*Matter of Winters v Gould*, 143 Misc 2d 44, 47 [1989]), and enjoined him from commencing litigation or instituting motion practice without representation by counsel or leave of court. Justice Tompkins wrote (*id.* at 47-48):

"He is an individual who utilizes his skill in drafting papers to repeatedly ignore legitimate orders and to harass other parties. Mr. Winters moves from Judge to Judge and forum to forum in a pattern that enables him to avoid, or substantially delay his obligation to pay rent. His activities impose substantial burdens on the court system and significant costs to his landlords, both in terms of legal fees and unpaid rent. . . .

"[T]he pattern of frivolous and repetitious proceedings by Mr. Winters can no longer continue. Mr. Winters is enjoined from commencing any further action or making any further motions unless he is represented by an attorney-at-law admitted to practice in the State of New York without prior approval of the Administrative Judge of the court in which he seeks to bring a further motion or future action."

Pertinently, defendant opposed plaintiffs' cross motion on procedural grounds only, arguing, among other things, that they did not provide the notice required by Judiciary Law § 756 in a contempt application.

Defendant's opposition papers, alleging procedural deficiencies, appear to have prompted plaintiffs to make another motion to correct any procedural defects, and requesting, among other things, that defendant be held in contempt for violating the injunction, that he be compelled to comply with the October 2004 order, and that his counterclaims be dismissed.

Addressing the various motions, the court acknowledged the existence of the injunction and the absence of any indication that defendant had obtained court approval to engage in motion practice. Thus, the court refused to entertain defendant's motion. It did not dismiss the counterclaims, however, and denied plaintiffs' request for sanctions. The court also set an undertaking of a $25,000 bond as to the previously issued temporary restraining order. It denied plaintiffs' motion for summary judgment.

The counterclaims should have been dismissed. As noted, the papers before the motion court are devoid of any indication that defendant obtained leave of court prior to their assertion. Justice Tompkins' order required that unless legally represented, defendant had to obtain leave of court before commenc-

ing "any further action." A counterclaim is a claim for affirmative relief and constitutes an action. Moreover, the counterclaims appear, in large part, to have been interposed for the purpose of harassment. Since defendant's actions in asserting counterclaims and undertaking motion practice violated a court order and were frivolous, plaintiffs, as a sanction (22 NYCRR 130-1.1), are awarded their costs in moving for dismissal of the counterclaims and in opposing defendant's motion.

Furthermore, as noted by the motion court, defendant violated the October 2004 order requiring the payment of use and occupancy into escrow. Defendant's motion for reargument of the latter order itself violated Justice Tompkins' order. The motion court apparently found contempt inapposite, and instead allowed defendant to repay the delinquency over time. The record, however, fails to reveal a justification for the exercise of such forbearance. Defendant has failed completely to make the monthly $1,600 payments into court, as directed. Instead, the record suggests that a contempt finding would be wholly appropriate (*see* Judiciary Law § 753; *Wagner v Kurz*, 92 AD2d 775 [1983]). Accordingly, the matter is remanded for a contempt hearing.

Finally, while it is appropriate in some instances to require an undertaking to be posted before granting a temporary restraining order (CPLR 6313 [c]), there is no indication in this record as to why an undertaking would be necessary, nor is there evidence to support the propriety of the amount set by the court (*see Republic of Lebanon v Sotheby's*, 167 AD2d 142, 145 [1990]). The order setting an undertaking is vacated, and the matter remitted to the motion court for consideration of potential damages, if any, by virtue of the issuance of the temporary restraining order, which was intended to prevent defendant's harassment of the plaintiff wife, before an undertaking is set.

We are unable to entertain the remaining points on appeal due to the incoherence of the plaintiffs' pro se appellate brief and insufficiency of the record, both of which prevent this Court from rendering an informed decision on the merits (*see Desmarat v Basile*, 288 AD2d 336 [2001]). Concur—Sullivan, J.P., Williams, Gonzalez, Sweeny and Kavanagh, JJ.