■ In the Matter of RONALD MARCHAND, JR., et al., Respondents, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent, and INCORPORATED VILLAGE OF BAYVILLE, Appellant. [858 NYS2d 282]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation, and action pursuant to RPAPL article 15, inter alia, to compel the determination of a claim to real property, the defendant Incorporated Village of Bayville appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), dated July 26, 2007, as denied that branch of its motion which was to dismiss the cause of action pursuant to RPAPL article 15.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the Incorporated Village of Bayville which sought to dismiss the cause of action pursuant to RPAPL article 15 for failure to join necessary parties. Contrary to the Village's contention, the petitioners/plaintiffs (hereinafter the plaintiffs) were not collaterally estopped, by virtue of this Court's determination in *Marchand v Village of Bayville* (297 AD2d 785 [2002]), from alleging that the proper parties were before the court since the issue of the proper parties to the instant RPAPL article 15 claim was not raised in the prior action, nor could it have been. Moreover, the Village failed to propose additional parties who might be inequitably affected by a judgment in this action to quiet title (*see* CPLR 1001 [a]).

Likewise, the Supreme Court properly denied that branch of the Village's motion which was to dismiss the cause of action pursuant to RPAPL article 15 for failure to state a cause of action. Viewing the allegations in the complaint in the light most favorable to the plaintiffs (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we find that it states a cognizable cause of action against the Village pursuant to RPAPL 1501 (1) to compel the determination of the plaintiffs' claim to real property. Contrary to the Village's contention, the plaintiffs were entitled to commence an action to quiet title even if the Village has yet to trespass or intrude upon their property (*see Hanigan v State of New York*, 213 AD2d 80 [1995]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.