■ In the Matter of STEVEN G. SHAPIRO et al., Appellants, v DANIEL B. HAYES, Respondent. In the Matter of STEVEN G. SHAPIRO et al., Appellants, v DANIEL B. HAYES, Respondent. [19 NYS3d 287]—

Orders, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 26, 2015, which, insofar appealed from as limited by the briefs, denied petitioners' motion to enforce a settlement, and granted respondent's motions to compel arbitration, enjoin petitioners from litigating in California without prior leave of court, and sanction them, unanimously affirmed, with costs.

The IAS Court did not abuse its discretion (*see Citibank v Rathjen*, 202 AD2d 235 [1st Dept 1994], *lv dismissed* 84 NY2d 850 [1994]) in declining to enforce what petitioners contend was a settlement, made in open court on July 18, 2014. On that date, the court made it very clear that a future written agreement would be the final settlement. "At best, [the in-court settlement] was an agreement to agree to the amplified terms of a future writing" (*Matter of Galasso*, 35 NY2d 319, 321 [1974] [internal quotation marks omitted]).

It was not an improvident exercise of discretion (*see Paramount Pictures, Inc. v Blumenthal*, 256 App Div 756, 760 [1st Dept 1939], *appeal dismissed* 281 NY 682 [1939]) for the court to enjoin petitioners from litigating in California without prior leave of court. The California action was "not brought in good faith" (*E. B. Latham & Co. v Mayflower Indus.*, 278 App Div 90, 94 [1st Dept 1951]) and "was instituted for the purpose of vexing or harassing" respondent (*id.*). First, the California action seeks a declaration that respondent is not entitled to receive any payment in connection with Davis Shapiro Lewis Grabel Leven Graderson & Blake LLP (formerly known as Davis, Shapiro, Lewis, Montone & Hayes, LLP)'s sale of 60% of its interest in Prodege, LLC. However, whether respondent is

entitled to such payment is governed by Davis Shapiro's partnership agreement, and that agreement says any disputes arising out of or relating to that agreement shall be settled by arbitration, not in court. Second, the California action alleges that respondent did not originate all of the firm's interest in Prodege. However, arbitrators have already found that the firm's interest in Prodege was an "originated asset" (as such term is defined in the partnership agreement) brought to the firm by respondent.

The court did not improvidently exercise its discretion (see e.g. Costantini v Costantini, 44 AD3d 509 [1st Dept 2007]) by sanctioning petitioners. As the court noted, petitioners—who are New York lawyers—knew from another action that New York lawyers could not issue subpoenas in California and that they had to give respondent notice that they were issuing subpoenas. Furthermore, the California action that they instituted is vexatious, as noted above.

We have considered petitioners' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Friedman, Renwick and Moskowitz, JJ. **[Prior Case History: 2015 NY Slip Op 30093(U).]**