15-1449-cv
Deflora Lake Development Associates, Inc. v. Hyde Park

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of June, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges.*

_____

DEFLORA LAKE DEVELOPMENT ASSOCIATES, INC.,
a New York Corporation,

                  *Plaintiff-Appellant*,

            v.                                          15-1449-cv

HYDE PARK, A Wisconsin Limited Partnership,
LEWIS WROBEL, as Deed Escrow Agent, Attorney,

                  *Defendants-Appellees*.

_____

Appearing for Appellant:     Charles I. Epstein, Hackensack, NJ.

Appearing for Appellee:      Leonard A. Benowich, White Plains, NY.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

DeFlora Lake Development Associates, Inc. appeals from the April 7, 2015 judgment of the United States District Court for the Southern District of New York (Seibel, *J.*) dismissing its second amended complaint and denying leave to amend. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm the district court's dismissal of the second amended complaint. "To state a claim in federal court for breach of contract under New York law, a complaint need only allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996). The district court correctly found DeFlora Lake failed to adequately plead a claim for breach of contract because under the contract, a transfer to an affiliate does not require Hyde Park's consent. Instead, Paragraph 9 of Amendment No. 5 provides that DeFlora Lake may transfer one parcel of land a year to an affiliate, and Paragraph 10 states that the "Deed Escrow Agent shall release the pertinent instrument . . . from escrow for each closing upon precise written instruction signed by DEFLORA . . . ." App'x at 255-56. Hyde Park did withhold consent to the sale, but withholding of consent does not constitute a breach because Hyde Park's consent was not required for the release of the deed from escrow. Further, DeFlora Park failed to plead sufficient facts to support a breach of contract claim against Hyde Park for its alleged refusal to execute new deeds, or on any other basis.

The district court also correctly dismissed the claim to quiet title. "Essential to the maintenance of an action to determine a claim to real property is that the complaint state a claim, by the defendant, of an estate or interest in the real property, adverse to that of the plaintiff." *E. 41st St. Assocs. v. 18 E. 42d St., L.P.*, 669 N.Y.S.2d 546, 548 (1st Dep't 1998) (internal quotation marks and emphasis omitted). Plaintiffs may seek to quiet title against potential clouds on title. *Marchand v. N.Y. State Dep't of Envtl. Conservation*, 858 N.Y.S.2d 282, 283 (2d Dep't 2008) (noting that "plaintiffs were entitled to commence an action to quiet title even if the [defendant] ha[d] yet to trespass or intrude" on the property). Here, as the district court correctly concluded, DeFlora Lake failed to plead a cloud on title, or any facts alleging Hyde Park claims an interest in the property adverse to DeFlora Lake's interest.

We have considered the remainder of DeFlora Lake's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2