15-2653-cv (L)
DeFlora Lake Dev. Assocs. Inc. v. Hyde Park

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand seventeen.

PRESENT: DENNIS JACOBS,
        ROBERT D. SACK,
                <u>Circuit Judges</u>,
        PAUL A. ENGELMAYER,
                <u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - -X

DEFLORA LAKE DEVELOPMENT ASSOCIATES, INC.,

        <u>Plaintiff-Appellant</u>,

        -v.-                15-2653-cv (L)
                                16-3436-cv (CON)

HYDE PARK,

        <u>Defendant-Appellee</u>,

LEWIS WROBEL,

        <u>Defendant</u>.[†]

- - - - - - - - - - - - - - - - - - - -X

---

[*] Paul A. Engelmayer, United States District Judge for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

1

**FOR APPELLANT:**           CHARLES I. EPSTEIN, Hackensack, NJ.

**FOR APPELLEE:**            LEONARD BENOWICH, Benowich Law, LLP, White Plains, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Seibel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the orders of the district court be **AFFIRMED**.

DeFlora Lake Development Associates, Inc. ("DeFlora") appeals from two orders of the United States District Court for the Southern District of New York (Seibel, J.), which each granted against DeFlora an award of attorneys' fees. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This litigation (and its precursor litigation) arises from a land contract between Deflora and Hyde Park, which was entered into in 1980 and amended multiple times over the years since. The contract is complex, but in relevant part, the 1995 Amendment No. 5 provides that Hyde Park owed DeFlora $8,404,989.43 for all obligations under the contract, and that this nonrecourse debt was to be paid "solely from the proceeds of the management of the PROPERTY, and from the sale(s) of the PROPERTY and from other credits and reductions described herein." App'x 163.

An earlier action for breach of the agreement was filed in 2008, and was dismissed in 2011, and not appealed. DeFlora brought the present action in 2013, it was dismissed in 2015, and this court affirmed that dismissal by summary order. See DeFlora Lake Dev. Assocs., Inc. v. Hyde Park, 654 F. App'x 9 (2d Cir. 2016) (summary order). Hyde Park moved in the district court for attorneys' fees, as allowed by a provision in the land contract, and the district court entered an award against DeFlora for $47,930.96. DeFlora appealed that order. Hyde Park moved for additional fees in connection with its defense of the merits appeal, and the district court entered an award for $31,341.98. DeFlora appealed that order, too, and the two appeals have been consolidated.

2

DeFlora does not challenge the awards themselves, nor the amount awarded.  It argues only that it is entitled to a setoff of the fee awards against the $8,404,989.43 owed by Hyde Park.  The district court rejected that argument three times (in the two orders awarding fees and in an order granting a motion to enforce the judgment) on the ground that the debt was nonrecourse.

We review awards of attorneys' fees for abuse of discretion.  CBS Broadcasting, Inc. v. FilmOn.com, Inc., 814 F.3d 91, 104 (2d Cir. 2016).  Questions of contract construction and other questions of law are reviewed de novo.  Goodheart Clothing Co. v. Laura Goodman Enters., Inc., 962 F.2d 268, 273 (2d Cir. 1992).

**1.**  DeFlora argues that, under New York Debtor and Creditor Law ("DCL") § 151, the fee awards may be set off against the money owed to DeFlora under the land contract.  The common law right of setoff, codified by DCL § 151, "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A."  Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995) (internal quotation marks omitted).  In order for setoff to apply, the debts "must be mutual.  Debts are mutual when they are due to and from the same persons in the same capacity."  Westinghouse Credit Corp. v. D'Urso, 278 F.3d 138, 149 (2d Cir. 2002) (internal citation, modification, and quotation marks omitted).

Such mutuality is absent in this case, because according to the terms of the land contract, the debt owed to DeFlora is nonrecourse debt payable "solely from the proceeds of the management" and sales of the land. App'x 163.  As DeFlora concedes, Appellant Br. 19, Hyde Park assumed no personal liability for the debt.  Applying a setoff of the fee awards against it would be, in effect, to require payment--crediting one debt against another--by a method other than the sole means by which the debt is payable under the land contract.

**2.**  DeFlora argues that the fee awards should be deducted from the debt owed to it under the land contract because (1) the land contract requires DeFlora to keep the property clear of liens and encumbrances; (2) the first fee award, when filed

3

with the county clerk, became a lien against the property; and (3) Hyde Park's sole remedy for liens under the land contract is that the amount of the lien be credited against the debt owed to DeFlora.  In essence, DeFlora argues that the filing of the fee award constituted breach of the land contract by DeFlora, and that Hyde Park's sole remedy for that breach is a credit against the debt.

This argument distorts the lien provision of the land contract, and undermines the nonrecourse nature of the debt. The land contract requires DeFlora to maintain and insure the property and keep it clear of liens, and to satisfy any liens within 30 days of their being placed on the property.  This provision preserves Hyde Park's interest in the property: if DeFlora fails to perform its obligations and a lien is placed on the property, the value of the lien is deducted from the debt owed to DeFlora by Hyde Park and Hyde Park's interest is thereby unimpaired.  That circumstance is not implicated by a fee award in Hyde Park's favor.  The land contract expressly provides for attorneys' fees, and that provision could have said (but does not say) that such an award is to be credited against debt.  To construe the fee award as a lien within the meaning of the lien provision would therefore undermine the contract.  See Brad H. v. City of New York, 17 N.Y.3d 180, 186 (2011) ("[L]anguage should not be read in isolation because the contract must be considered as a whole.").

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4