16-2214-cv
DeFlora Lake Dev. Assocs. Inc. v. Hyde Park

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand seventeen.

PRESENT: DENNIS JACOBS,
       ROBERT D. SACK,
               Circuit Judges,
       PAUL A. ENGELMAYER,
               District Judge.[1]

- - - - - - - - - - - - - - - - - - - -X
DEFLORA LAKE DEVELOPMENT ASSOCIATES, INC.,
       Plaintiff-Appellee,

       -v.-               16-2214-cv

HYDE PARK,
       Defendant-Appellant,

LEWIS WROBEL,
       Defendant.

- - - - - - - - - - - - - - - - - - - -X

---

[1] Paul A. Engelmayer, United States District Judge for the Southern District of New York, sitting by designation.

**FOR APPELLEE:**          CHARLES I. EPSTEIN, Hackensack, NJ.

**FOR APPELLANT:**         LEONARD BENOWICH, Benowich Law, LLP, White Plains, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Seibel, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED**.

Hyde Park appeals from an order of the United States District Court for the Southern District of New York (Seibel, J.), which substantially granted Hyde Park's motion to enforce a judgment but denied issuance of the turnover order that Hyde Park sought. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

DeFlora Lake Development Associates, Inc. ("DeFlora") and Hyde Park are parties to a land contract that was entered into in 1980 and amended multiple times over years. Pursuant to that contract, DeFlora continues to manage and develop the property, and the purchase price owed by Hyde Park is amortized from the proceeds of the management fees and sales of individual parcels. A separate summary order is filed today in an appeal from two different orders in this same case. See DeFlora Lake Dev. Assocs., Inc. v. Hyde Park, No. 15-2653-cv (L). That appeal pertains to fee awards that the district court granted in favor of Hyde Park against DeFlora. This appeal pertains to Hyde Park's effort to enforce the judgments and collect those awards.

When DeFlora sought to sell several parcels in 1999, Hyde Park objected to the price. The deadlock was broken by an agreement to allow the sale and to deposit $207,116 of the proceeds in escrow with Lewis Wrobel, who was already serving as the parties' escrow agent. The parties never executed an escrow agreement for these funds, and no written agreement specifies how or when or if the funds can ever be released. DeFlora sued Hyde Park in 2008, seeking, among other things, a declaration that it was entitled to the funds in escrow. The

district court dismissed all claims and counterclaims as time-barred, and that judgment was never appealed.  In a 2013 action, DeFlora again attempted to recover the escrow funds. The district court dismissed all claims and this court affirmed by summary order.  See DeFlora Lake Dev. Assocs., Inc. v. Hyde Park, 654 F. App'x 9 (2d Cir. 2016) (summary order).

The district court awarded attorneys' fees to Hyde Park, pursuant to a provision in the land contract, and Hyde Park moved under Rule 69 of the Federal Rules of Civil Procedure to execute the judgment.  Hyde Park is entitled to enforcement, so the district court substantially granted the motion, but it refused to enter turnover orders under New York Civil Practice Law and Rules ("CPLR") § 5225, inter alia, directing that DeFlora's interest in the escrow funds, and its interest in the land contract, be turned over to Hyde Park in satisfaction of the judgment.

We review orders enforcing judgment for abuse of discretion. Aurelius Capital Partners, LP v. Republic of Argentina, 584 F.3d 120, 129 (2d Cir. 2009).  "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions."  In re Sims, 534 F.3d 117, 132 (2d Cir. 2008) (internal citations, alterations, and quotation marks omitted).

CPLR 5225(b) permits a proceeding commenced by a judgment creditor against a person (in this case the escrow agent) in possession of "money or other personal property in which the judgment debtor has an interest."  But as that language suggests, "[f]irst, it must be shown that the judgment debtor 'has an interest' in the property the creditor seeks to reach." Beauvais v. Allegiance Sec., Inc., 942 F.2d 838, 840 (2d Cir. 1991).  Litigation to determine which (if either) of the parties to this case is entitled to the escrow funds has been dismissed and all of their claims to those funds have been ruled time-barred.  Hyde Park attempts distinguish "claims" on the funds (it concedes that DeFlora has none) from an "interest" in them; but the nature of the parties' respective "interests" in the escrow funds (and the extent to which they have any) is

3

the very thing that has been disputed in this duplicative litigation, and remains unresolved.  The district court did not abuse its discretion by refusing to order those funds turned over.

Hyde Park's argument that DeFlora's "interest" in the land contract itself should be turned over is also unavailing.  CPLR § 5225 applies only to "money or personal property," not to real property.  Gryphon Dom. VI, LLC v. APP Int'l Fin. Co., B.V., 41 A.D.3d 25, 35 (1st Dep't 2007).  Hyde Park argues that the intangible rights DeFlora possesses under the contract are personal property, but evidently the only rights Hyde Park seeks are rights to control or liquidate the remaining parcel of land. Those are rights that flow from ownership of the real property, not from DeFlora's interest in the contract.  The disposition of real property is not subject to turnover order under CPLR § 5225.

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4