Migadde v Permanent Mission of the Republic of Uganda to the United Nations (2024 NY Slip Op 00869)

Migadde v Permanent Mission of the Republic of Uganda to the United Nations

2024 NY Slip Op 00869

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 100820/19 Appeal No. 1687 Case No. 2022-04143 

[*1]Michael L. Migadde, Plaintiff-Appellant,
v
The Permanent Mission of the Republic of Uganda to the United Nations, et al., Defendants-Respondents.

Michael L. Migadde, appellant pro se.
Law Firm of Omar T. Mohammedi, LLC, New York (Mustapha Ndanusa of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered July 13, 2022, which denied plaintiff's pro se motion for summary judgment and ordered sanctions in the amount of $250 against plaintiff, unanimously affirmed, without costs.
The court properly denied pro seplaintiff's motion for summary judgment on his complaint alleging employment discrimination under the New York City Human Rights Law, which the court (Kathryn E. Freed, J.), by order dated June 16, 2020, previously had ordered dismissed. After plaintiff filed six unsuccessful motions raising the same issues, including four motions to renew, reargue, and/or vacate prior orders, the court (Lyle E. Frank, J.), by order dated April 12, 2022, directed plaintiff to obtain leave of court before making any further motions. Plaintiff failed to do so before filing a motion for summary judgment and offered no justification for not seeking leave. Accordingly, the motion was properly dismissed without consideration of the merits (see Sibersky v Winters, 42 AD3d 402, 404-405 [1st Dept 2007]).
The court's imposition of sanctions of $250 was a provident exercise of discretion. Plaintiff's repetitive motions and violation of the court's order to seek leave of court constituted frivolous conduct (see 22 NYCRR 130-1.1; William P. Pahl Equip. Corp. v Kassis, 182 AD2d 22, 32 [1st Dept 1992], lv dismissed in part, denied in part 80 NY2d 1005 [1992]; Matter of Shapiro v Hayes, 133 AD3d 468, 469 [1st Dept 2015]). The court's April 12, 2022 order stated that defendant's cross-motion for sanctions was "resolved in that plaintiff must obtain prior leave of [c]ourt to make any further motions," and that the court would "consider sanctions on future motions as warranted." The Clerk of the Court's stamp on plaintiff's notice of motion did not constitute leave of the court.
Finally, sanctions for plaintiff's pursuit of this appeal are not warranted at this juncture (cf. Levy v Carol Mgmt. Corp., 260 AD2d 27, 31-35 [1st Dept 1999]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024