Migadde v Permanent Mission of Uganda to the United Nations

2026 NY Slip Op 02925

May 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Michael L. Migadde, Appellant,

v

Permanent Mission of Uganda to the United Nations, et al., Respondents.

Decided and Entered: May 12, 2026

Index No. 100820/19|Appeal No. 6589|Case No. 2025-03473|

Before: Scarpulla, J.P., Mendez, Shulman, Rodriguez, Hagler, JJ.

Michael L. Migadde, appellant pro se.

[*1]

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered September 20, 2024, which denied plaintiff's successive motions for summary judgment, unanimously affirmed, without costs.

This employment discrimination action was dismissed with prejudice on June 24, 2020, by Supreme Court, based, among other things, on the lack of subject matter jurisdiction over defendants. Plaintiff proceeded to make a series of motions that the court found to be frivolous. On April 14, 2022, Supreme Court resolved a cross-motion for sanctions by defendants by requiring plaintiff to obtain leave of the court before making further motions and noted that it would consider sanctions on future motions if warranted. On July 13, 2022, Supreme Court denied plaintiff's successive motions for summary judgment, found that he had engaged in frivolous conduct, and imposed a sanction of $250. This Court affirmed and found that the sanction was a provident exercise of Supreme Court's discretion (see Migadde v Permanent Mission of the Republic of Uganda to the United Nations, 224 AD3d 547, 548 [1st Dept 2024]).

On August 19, 2024, again moved for summary judgment, without first obtaining leave of court. Supreme Court properly denied the instant motion because of plaintiff's violation of the April 12, 2022 order requiring that he first seek leave of court and admonished that further violations would result in further sanctions (see Sibersky v Winters, 42 AD3d 402, 404-405 [1st Dept 2007]). Plaintiff offered no reasonable justification for his repetitive motions and did not cite any newly discovered facts (see US Bank N.A. v Brown, 246 AD3d 418, 419 [1st Dept 2026]).

Plaintiff's contention that the grant of poor person relief constituted leave of court to submit additional motions for summary judgment is unavailing. His assertion that this Court contemplated the possibility that he might seek to replead his claims when we declined to impose additional sanctions has no basis in fact.

We have considered plaintiff's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 12, 2026